IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LOWELL QUINCY GREEN, #00518622, Petitioner, | § § § § | |
| v. | § § | No. 3:24-cv-01929-X (BT) |
| DIRECTOR, TDCJ-CID Respondent. | § § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Lowell Quincy Green, a Texas prisoner sentenced to life in prison as a habitual offender, filed a document construed as a 28 U.S.C. § 2254 habeas application. ECF No. 2. As explained below, the Court should dismiss Green's construed § 2254 habeas application for lack of jurisdiction.

This Court previously recounted Green's criminal history, beginning with "his 1989 conviction for unauthorized use of a motor vehicle, enhanced. *State of Texas v. Lowell Quincy Green*, No. F89-97008 (283rd Dist. Ct., Dallas County, Tex., Aug. 10, 1989)," pursuant to which he "was sentenced to thirty years in prison."

> On June 11, 1990, the Fifth District Court of Appeals affirmed Petitioner's conviction, *Green v. State*, No. 05-89-01170-CR (Tex. App. – Dallas 1990 pet. ref'd); and, on December 12, 1990, the Court of Criminal Appeals refused his petition for discretionary review, PDR No. 0952-90.
>
> On March 24, 2012, while he was on parole, Petitioner was arrested for aggravated robbery. On May 15, 2013, he was convicted and sentenced to life in prison as a habitual offender.

> On February 7, 2018, Petitioner filed a state habeas petition, *Ex parte Green*, No. 82,981-07, which the Court of Criminal Appeals dismissed without written order on April 25, 2018.
>
> On May 29, 2018, Petitioner filed [a] § 2254 petition [challenging the Dallas County conviction, arguing that] (1) the indictment was defective; and (2) he was denied a parole revocation hearing in violation of his Fourteenth Amendment rights...

*Green v. Davis*, 2019 WL 487675, at *1 (N.D. Tex. Jan. 17, 2019), *rec. accepted* 2019 WL 486169 (N.D. Tex. Feb. 7, 2019) (dismissing claims as procedurally and time barred). Thus, if Green is "again challenging his Dallas County conviction, his claims are successive." *Green v. Dir.*, 2020 WL 5995974, at *1 (N.D. Tex. Sept. 4, 2020), *rec. accepted* 2020 WL 5993646 (N.D. Tex. Oct. 9, 2020) (citing *Banister v. Davis*, 140 S. Ct. 1698, 1702 (2020) (quoting, in turn, 28 U.S.C. § 2244(b); *Leal Garcia v. Quarterman*, 573 F.3d 214, 220, 222 (5th Cir. 2009)). "And his failure to obtain authorization from the United States Court of Appeals for the Fifth Circuit under 28 U.S.C. § 2244(b)(3) deprives this Court of jurisdiction to consider these claims." *Id.* (citing *Leal Garcia*, 573 F.3d at 219).

Green was also convicted of aggravated robbery (three times) and possession of cocaine (once) in McLennan County. *See id.* at *1. If Green raises § 2254 claims related to those convictions, the Court lacks jurisdiction to consider them as well. This is because "[w]here an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the

2

district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. 28 U.S.C. § 2241(d). These filing requirements are jurisdictional. *Carmona v. Andrews*, 357 F.3d 535, 537 (5th Cir. 2004); *Webb v. Beto*, 362 F.2d 105, 108 (5th Cir. 1966).

Here, because McLennan County is in the Waco Division of the Western District of Texas, and because Green is incarcerated in the TDCJ Telford Unit, which is within Bowie County in the Texarkana Division of the Eastern District of Texas, this Court lacks jurisdiction over any challenges to the McLennan County convictions. *See* 28 U.S.C. § 124(c)(5) & (d)(2). And while the district court in which an application is filed may, in the exercise of its discretion and in the furtherance of justice, transfer the case to another district court for hearing and determination, *see* 28 U.S.C. § 2241(d), it would not further justice to transfer Green's construed habeas application. His allegations are nonsensical. *See*, *e.g.*, *Green*, 2020 WL 5995974, at *3 ("But, considering Green's nonsensical construed habeas application, it would not further justice to sever any attack he has made on his McLennan County convictions and transfer those claims to the Waco Division of the Western District of Texas.").

In sum, whether Green attacks his Dallas County conviction or his McLennan County convictions, the Court lacks jurisdiction over such claims.

## Recommendation

The Court should dismiss Green's construed pro se application for writ of habeas corpus under 28 U.S.C. § 2254 without prejudice for lack of jurisdiction.

SO RECOMMENDED September 10, 2024.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).